IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

PATRICK D. SPERRY                                                    PLAINTIFF

V.                                      NO. 14-3082

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Patrick D. Sperry, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner)  denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. 405(g).

I.      **Procedural Background:**

Plaintiff filed his current application for DIB on August 30, 2012, alleging an inability to work since November 21, 2011, due to thyroid problems, high blood pressure, heart attack, loss of leg strength putting him periodically on a cane, and three herniated discs in his back. (Tr. 122-125, 159, 163).  An administrative hearing was held on May 15, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 22-48).

By written decision dated June 27, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – chronic ischemic heart disease and peripheral vascular disease. (Tr. 12).  However, after reviewing

1

all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. §404.1567(b). (Tr. 13). The ALJ then found that Plaintiff was capable of performing his past relevant work as a real estate agent as it is generally performed, but not as he actually performed it. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 22, 2014. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs 11, 12).

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.    Discussion:**

The Court notes that on October 12, 2012, non-examining consultant, Dr. Judith Forte, opined that Plaintiff could perform light work. (Tr. 54).   On October 22, 2012, Plaintiff presented to Kilgore Vision Center for evaluation of double vision in his eyes. (Tr. 320).   The double vision reportedly affected both his near and far vision. (Tr. 320).   The symptoms were constant and he also complained of glare in his eyes, which occurred at night. (Tr. 320).   The impression given at that time was "sixth or abducens nerve palsy OS." (Tr. 324).   Plaintiff returned to Kilgore Vision Center on November 5, 2012, still experiencing double vision, and was told that it should resolve by three months, and if not, he would have to get an MRI. (Tr. 330).   Plaintiff was wearing a patch over one eye, and was told to continue this practice. (Tr. 330).   On January 11, 2013, Plaintiff reported to Kilgore Vision Center that his condition was not any better, and the doctor recommended a CT scan of the head and orbits. (Tr. 362).   On February 20, 2013, Plaintiff reported to Kilgore Vision Center that his double vision was improving and that he had horizontal diplopia in his left gaze only. (Tr. 350).   The impression given at that time was thyroid eye disease, diplopia. (Tr. 355).   The doctor believed the thyroid eye disease accounted for his double vision, as the CT was normal.   He explained to Plaintiff the options of seeing a specialist about surgery or getting glasses with a prism. Plaintiff elected to try the prism.  (Tr. 355).

At the hearing held on May 15, 2013, Plaintiff testified that although the records from Kilgore Vision Center indicated that they expected him to get improvement in three months, from October to February was three months and there was no improvement. (Tr. 37).   He testified that he was back on his glasses, and was "carrying on the left lens kind of a pad that they fit to the back." (Tr. 37).   He further testified that when he was wearing the glasses up

4

close he could turn and look at the computer screen and saw one computer screen, and when he took his glasses off he saw two of the judge and two of the court reporter. (Tr. 37-38). Plaintiff testified that using the prism now, if he had to bend his head and look down, it affected his ability to write and he was slow on typing the keys on the keyboard. Sometimes he had to hunt and peck for the keys, and that even seeing a computer, if he did not hold his head right, it blurred.  (Tr. 38).

As stated earlier, the ALJ found that Plaintiff would be able to perform a full range of light work, and that he would be able to perform his past relevant work as a real estate agent as it was **generally** performed.  (Tr. 18).  In drawing this conclusion, the ALJ gave significant weight to the state agency medical consultants. (Tr. 17).  At the time of the Physical RFC Assessment given by Dr. Forte, Plaintiff was not having the issues with his vision.  On March 7, 2013, Dr. Norris DaCosta, in a Case Analysis, reported that Plaintiff appeared capable of his past relevant work as a real estate agent and supervisor as he **actually** performed it. Although this was after Plaintiff's reports of double vision, there is a question as to whether Plaintiff would be able to perform his past relevant work as it was actually performed or generally performed.  It is noteworthy that the position of Sales Agent, Real Estate, Dictionary of Occupational Titles 250.357-018, requires frequent near acuity and occasional far acuity.

The Court believes this matter should be remanded to the ALJ in order for him to obtain additional information relating to Plaintiff's vision and his ability to function in a position requiring frequent near acuity and occasional far acuity.  Once this information is received, the ALJ should revise his RFC and obtain VE testimony regarding Plaintiff's

5

ability to perform his past relevant work, or whether there are other jobs in the national economy Plaintiff would be able to perform.

**IV.     Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, reverses and remands this matter to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 11th day of September, 2015.


*/s/ Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

6